# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| Bindley Sangster | : | Civil Action File No. |
| | : | |
| Plaintiff, | : | _____ |
| | : | |
| v. | : | *Jury Trial Demanded* |
| | : | |
| | : | *Under Fed. R. Civ. P. 38* |
| Delta Air Lines, Inc. | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT FOR DAMAGES

For his Complaint against Defendant, Plaintiff Bindley Sangster ("Sangster" or "Plaintiff") hereby states and alleges upon knowledge, information, and belief as follows:

## Jurisdiction & Venue

**1.**

This action involves the arbitrary, capricious and/or wrongful application of 49 U.S. Code § 44902 (b) under the Federal Aviation Act ("FAA") by Defendant Delta Air Lines ("Delta") which confers original subject matter jurisdiction upon this Court.

1

**2.**

Since original jurisdiction exists, this Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367 that are not preempted under the Federal Aviation Act.

**3.**

Alternatively, this Court also has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

**4.**

Plaintiff Bindley Sangster is a United States citizen and a resident of the State of Georgia.

**5.**

Delta Air Lines, Inc. ("Delta") is a Delaware corporation with its principal place of business in Atlanta, Georgia.

**6.**

Delta is a citizen of the state of Delaware.

**7.**

Delta does business in Georgia and did so at all relevant times.

**8.**

Delta maintains continuous and systemic contacts with the State of Georgia through the business it conducts in Georgia, including its operation of daily international flights.

**9.**

Delta has a registered agent, Corporation Service Company in Georgia that maintains an office located at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia, 30092

**10.**

There is complete diversity of citizenship between Plaintiff and Defendants.

**11.**

More than $75,000.00 is in controversy.

**12.**

Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

**Factual Background**

**13.**

Plaintiff was unjustly removed from his flight based upon false and uncorroborated information intentionally provided to the pilot.

**14.**

On December 6, 2021, Sangster was a forty-seven [47] year old U.S. Air Force veteran, husband and father of four [4] children. After leaving the Air Force, Sangster worked in the aviation industry for over twenty [20] years.

**15.**

Sangster is the Chief Executive Officer of Sangsters Coffee, LLC. and the grandson of the late prime minister of Jamaica the Honorable Donald Sangster.

**16.**

At all times on December 6, 2023, Sangster was completely benign, non-disruptive, non-threatening and engaged in polite respectful conversation with each and every Delta employee and his fellow passengers.

**17.**

On December 6, 2023, Sangster was invited to board Delta Flight # 1906 leaving from Gate # E16 and took his assigned seat in Row 14 Seat C [14C]. This flight was enroute to Kingston, Jamaica from Hartsfield-Jackson International Airport in Atlanta and scheduled to depart at 5:37 pm.

**18.**

When the aircraft had still not left the gate at 6:30 p.m., Sangster went to the restroom in the forward cabin where two flight attendants were in the process of closing the cockpit door. After exiting the restroom, Sangster overheard the flight attendants discussing the IFE system that was apparently having some technical problems. As he was an expert in the Panasonic IFE System, he offered to help.

**19.**

One of the flight attendants sharply responded to Sangster's offer with "she had not asked for his help" and ordered him to return to his seat.

**20.**

Sangster complied and immediately returned to seat 14C. Shortly thereafter, the same flight attendant that ordered Sangster back to his seat passed by and noticed that Mr. Sangster was on the Delta App writing a complaint about the flight delay.

**21.**

At approximately 7:00 p.m., while still at the gate, the aircraft was boarded by a Delta Operations crew member who, instructed Sangster to retrieve his belongings and follow him off the aircraft and Sangster complied immediately.

**22.**

At the door to the jetway and in direct view of some passengers, two Atlanta Police Department officers waited to escort Mr. Sangster up the ramp and into the concourse. Upon reaching the concourse, Sangster inquired as to the reason he was removed from the flight, the Delta gate agent informed him that the captain had reported that Sangster was a flight risk and Delta had to follow protocol once such a call was received. Sangster never had any form of contact with the pilot.

**23.**

However, Sangster was not accused, arrested or charged by the Atlanta Police Department. In fact, the Delta gate agent told the officers that they could leave and proceeded to re-book Mr. Sangster for a flight the next day. The Delta gate agent apologized to Sangster and accompanied him as he retrieved his luggage and left the airport without incident.

## Count One
**Negligent Application of 49 U.S.C. § 44902 (b) under the Federal Aviation Act**

**24.**

Plaintiff realleges all preceding allegations of this Complaint as if fully stated herein.

**25.**

§ 44902(b) under the Federal Aviation Act known as "permissive refusal" provides pilots with broad authority to remove passengers. The pilot in command stands in the role of the air carrier and can decide whether to remove a passenger from a flight for safety reasons.

**26.**

Delta flight attendant employee[s] wrongfully made false allegations about Sangster to the pilot that were uncorroborated and never investigated.

**27.**

The pilot's decision to remove Sangster was arbitrary and capricious based upon the circumstances and limited facts available. Delta may only refuse to provide transportation when it is reasonably necessary.

**28.**

Delta is vicariously liable for the conduct of its employees.

**29.**

As a direct and proximate result of Delta's negligence, Plaintiff incurred and will incur medical bills, emotional distress, embarrassment, and pain and suffering.

**Count Two**
**Intentional Infliction of Emotional Distress**

**30.**

Plaintiff realleges all preceding allegations of this Complaint as if fully stated herein.

**31.**

Delta is a common carrier.

**32.**

As a common carrier, Delta owed Sangster the highest duty of care.

**33.**

Delta breached that duty, through its employees for whom it is vicariously liable, as described herein when Delta flight attendant employee[s] intentionally

made false allegations about Sangster to the pilot that were uncorroborated and never investigated.

### 34.

As a direct and proximate result of Delta's wanton and malicious acts, Plaintiff incurred and will incur medical bills, emotional distress, embarrassment, and pain and suffering.

## Count Three
## Breach of Contract/Discriminatory Practices

### 35.

Plaintiff realleges all preceding allegations of this Complaint as if fully stated herein.

### 36.

Pursuant to Section Delta's **Contract of Carriage Rule 7 (E)**, …"Delta will not refuse to provide transportation based upon race, color, national origin, religion, sex or ancestry". Delta may only refuse to provide transportation when it is reasonably necessary.

### 37.

As a direct and proximate result of Delta's negligence, Plaintiff incurred and will incur medical bills, emotional distress, embarrassment, and pain and suffering.

### 38.

Plaintiff Bindley Sangster hereby demands a trial by jury.

**WHEREFORE**, Plaintiff Bindley Sangster prays for judgment as follows:

1. As to Count One, a money award for compensatory and special damages in excess of $75,000.00 in addition to pre- and post-judgment interest, costs, disbursements, and all other relief the Court deems just and equitable.

2. As to Count Two, a money award for compensatory and special damages in excess of $75,000.00 in addition to pre- and post-judgment interest, costs, disbursements, and all other relief the Court deems just and equitable.

3. As to Count Three, a money award for compensatory and special damages in excess of $75,000.00 in addition to pre- and post-judgment interest, costs, disbursements, and all other relief the Court deems just and equitable.

**Submitted this, 5th day of December 2023.**

        **HART AND ASSOCIATES, P.C.**

        /s/ Steven A. I. Hart
        Steven Hart, Esq.
        Georgia Bar #333496
        Lauren Travis, Esq.
        Georgia Bar #842667
        *Attorneys for Plaintiff*

3740 Davinci Court
Suite 300
Peachtree Corners, Georgia 30092
Phone: 404-816-5455
Fax: 770-582-9551
sh@hartlawyers.com
lt@hartlawyers.com

# **RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Pursuant to Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

**HART AND ASSOCIATES, P.C.**

/s/ Steven A. I. Hart
Steven Hart, Esq.
Georgia Bar #333496
Lauren Travis, Esq.
Georgia Bar #842667
*Attorneys for Plaintiff*

3740 Davinci Court
Suite 300
Peachtree Corners, Georgia 30092
Phone: 404-816-5455
Fax: 770-582-9551
sh@hartlawyers.com
lt@hartlawyers.com