**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

BINDLEY SANGSTER,

     Plaintiff,

v.

DELTA AIR LINES, INC,


     Defendant.

Civil Action File
No. 1:23-cv-05565-TCB

## DEFENDANT DELTA AIR LINES, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW DELTA AIR LINES, INC., ("Delta"), Defendant in the above-styled civil case, and hereby files this Brief in Support of its Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6), stating as follows:

## INTRODUCTION

Plaintiff filed his "Complaint for Damages" against Delta on December 5, 2023 and served Delta's registered agent on December 7, 2023. Plaintiff's Complaint alleges that on or about December 6, 2023, Plaintiff was a ticketed passenger aboard Delta flight 1906 from Hartsfield-Jackson International

1

Airport in Atlanta, Georgia enroute to Kingston, Jamaica. *See*, "Complaint for Damages," at ¶17. Assuming Plaintiff is mistaken and has not filed suit for an incident that had not yet occurred, Delta will proceed under the assumption that Plaintiff's allegations occurred on December 6, 2021. Plaintiff alleges negligent application of 49 U.S.C. § 44902(b), intentional infliction of emotional distress, and breach of contract/discriminatory practices. <u>Id.</u>, generally.

For the reasons outlined here, and detailed further below, this Court cannot countenance Plaintiff's Complaint as pleaded. Delta contends that no relief could be granted to Plaintiff under his theory of recovery. The Plaintiff was travelling internationally and, as such, the Montreal Convention applies and preempts state law. Further, the Montreal Convention bars recovery for passengers claiming damages who did not sustain an actual bodily injury. *See*, <u>Eastern Airlines v. Floyd</u>, 499 U.S. 530 (1991). Plaintiff does not even allege any bodily injury. *See*, "Complaint," generally. Ergo, any theory of recovery predicated upon either the tort of negligence or intentional infliction of emotional distress is inapposite to operative articles of the Montreal Convention. Plaintiff's third count does not even allege any discriminatory action on the part of Delta and is merely a conclusory legal statement, if that.

2

As such, the instant Action and Plaintiff's Complaint against Delta must be dismissed with prejudice.

**ARGUMENT AND CITATION OF AUTHORITY**

## I.    Standard of Review

"In assessing a Motion to Dismiss for failure to state a claim under Rule 12(b)(6), the Court must treat all well-pleaded allegations in the complaint as true. Kostrzewa v. City of Troy, 247 F.3d 633, 638 (6th Cir. 2001). Dismissal is proper if, on the pleadings themselves, the plaintiff does not have a 'reasonably founded hope' of making his or her case." Bell Atlantic v. Twombley, 550 U.S. 554, 559 (2007).

More critically, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation'" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "Determining whether a complaint states a plausible claim for relief will, […], be a context-specific task that requires the reviewing court to draw on its judicial

3

experience and common sense." Id.

## II.     Applicable Substantive Law

### A. The Montreal Convention is the Applicable Governing Law and Preempts State Law Claims.

"When the Montreal Convention became effective on November 4, 2003, it replaced the Warsaw Convention (the Convention for the Unification of Certain Rules Relating to International Carriage by Air, signed at Warsaw on October 12, 1929, as amended by the Protocol done at the Hague on September 8, 1955, reprinted in S. Exec. Rep. No. 105–20 (1998)). Eli Lilly & Co. v. Air. Exp. Int'l USA, Inc., 615 F.3d 1305, 1308 (11th Cir. 2010). 'Consistent with explicit legislative intent, "it is appropriate to rely on cases interpreting the Warsaw Convention where the equivalent provisions of the Montreal Convention" (such as Article 17) are at issue.'" Ugaz v. Am. Airlines, Inc., 576 F. Supp. 2d 1354, 1360 (S.D. Fla. 2008).

The Montreal Convention preempts state law claims falling within its scope and, "[a]s a treaty of the United States, the Convention is considered...the supreme law of the land." Best v. BWIA W. Indies Airways Ltd., 581 F.Supp.2d 359, 362 (E.D.N.Y.2008). The Montreal Convention affords the exclusive remedy for any personal injury suffered on board an

4

international flight or during any operations of embarking or disembarking. Aikpitanhi v. Iberia Airlines of Spain, 553 F.Supp.2d. 872, 878-9 (E.D. Mich. 2008); *see also* Jones v. USA 3000 Airlines, 08-CV-1855, 2009 WL 330596, *3 (E.D. Mo. Feb. 9, 2009).  Article 29 of the Montreal Convention preempts all state law claims that fall within its scope but do not satisfy the conditions for liability under the treaty. See Ugaz v. American Airlines, Inc., 576 F.Supp.2d 1354, 1360 (S.D. Fla. 2008); Rafailov v. El Al Israel Airlines, Ltd., 06cv13318, 2008 WL 2047610 at *2 (S.D.N.Y. May 13, 2008) (acknowledging the Montreal Convention preempts state law).  As such, the treaty "preempts the remedies of a signatory's domestic law, whether or not the application of the Convention will result in recovery in a particular case." Best v. BWIA W. Indies Airways Ltd., 581 F.Supp.2d 359, 362. The consequence is that if the Convention does not afford a remedy for the claim, the passenger may not resort to local law. *See*, e.g., Marotte v. Am. Airlines, Inc., 296 F.3d 1255, 1259 (11th Cir. 2002).

> **B. Delta Cannot Be Held Liable Under the Montreal Convention Because Plaintiff Does Not Allege That Any Injury Occurred While Plaintiff Was Embarking, Aboard, or Disembarking the Aircraft.**

The Godsey Firm, LLC | 659 Auburn Ave NE, Suite 124 | Atlanta, Georgia 30312 | 404.582.0001

Under Article 17 of the Montreal Convention, a covered carrier may be liable "for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking." *See*, Convention for the Unification of Certain Rules for International Carriage by Air Concluded at Montreal art. 17, *opened for signature* May 28, 1999, 2242 U.N.T.S. 309, S. Treaty Doc. No. 106–45 ("Montreal Convention" or "Convention")

"To prevail on a bodily injury claim under the Montreal Convention, which governs the international air carriage of passengers, baggage, and cargo, a plaintiff must establish: (1) the occurrence of an 'accident' within the meaning of the Convention; (2) the 'accident' occurred on the aircraft or during the embarking or disembarking process; and (3) the plaintiff suffered bodily injury caused by the 'accident.'" *See*, Marotte v. Am. Airlines, Inc., 296 F.3d 1255, 1259–60 (11th Cir. 2002).

It is clear that the Plaintiff was on board an international flight and alleges personal injury resulting from his alleged removal. *See*, "Complaint," generally. As such, the Montreal Convention provides the exclusive remedy in the instant case. The allegations contained in Plaintiff's Complaint fail,

6

however, to claim any physical injury or accident whatsoever. <u>Id</u>. The United States Supreme Court has held that, "...an air carrier cannot be held liable under Article 17 when an accident has not caused a passenger to suffer death, physical injury, or physical manifestation of injury." <u>Eastern Airlines v. Floyd</u>, 499 U.S. 530, 552 (1991). As such, Plaintiff's negligence claim as well as his claim of intentional infliction of emotional distress must be dismissed.

## C. In Addition to the Reasons Stated Above, Plaintiff's Claim in Count Three is Also, at Best, a Conclusory Unsupported Legal Statement and is Insufficient to State a Claim on Which Relief May be Granted.

Plaintiff's Complaint is riddled with such legal conclusions masquerading as factual allegations that defy any reasonable inference that Delta could be liable. Delta can only assume that Count Three of Plaintiff's Complaint purports to allege that Delta breached its contract by refusing transportation based upon race, color, national origin, religion, sex or ancestry. *See*, "Complaint," generally. However, Count Three of Plaintiff's complaint simply recites Delta's Contract of Carriage Rule 7(E) stating that Delta will not refuse to provide transportation for discriminatory reasons and then states that Plaintiff suffered damages. *See,* "Complaint," at ¶36-37. Plaintiff does

7

not even make a conclusory legal statement that Delta discriminated against him, much less an alleged factual basis to support such a claim. Finally, and also fatal to Plaintiff's Complaint, at no point does he allege that Delta or its employees, agents, or representatives removed him because of his race, color, national origin, religion, sex or ancestry. Id.  Plaintiff has failed, in all three counts, to clearly, appropriately, or correctly state claims and allegations of fact upon which relief may be granted.   This claim falls in line with the entirety of the Complaint and Plaintiff suffered no physical harm or injury while embarking, on board, or while disembarking from the flight in question and as such must be barred from recovery per the Convention. Plaintiff has failed to allege any facts in his third count that would or could form the basis of a valid claim. The instant Complaint must be dismissed.

## **CONCLUSION**

Plaintiff's Complaint is legally deficient to establish liability of Delta under the Montreal Convention. The vagaries of his factual allegations are self-servingly intended to hold Delta liable for an incident that neither harmed him in any way nor discriminated against him in any way. His Complaint fails under both the precedents of the United States Supreme Court and this Circuit under even the most generous reading of the allegations in his Complaint.

8

Therefore, the burdens to impose liability under the Montreal Convention have not been met and Plaintiff's Complaint against Delta must be dismissed.

Respectfully submitted,

This 22nd day of December, 2023.

*Attorneys for Defendant Delta Air Lines, Inc.*

**THE GODSEY FIRM, LLC**

By:  /s/ *Brian M. Dossena*
      J. GREGORY GODSEY
      Georgia State Bar No. 298577
      BRIAN M. DOSSENA
      Georgia State Bar No. 277119

9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

BINDLEY SANGSTER,

     Plaintiff,

v.

DELTA AIR LINES, INC,

     Defendant.

Civil Action File
No. 1:23-cv-05565-TCB

## <u>CERTIFICATE OF COMPLIANCE</u>

The foregoing **DEFENDANT DELTA AIR LINES, INC.'S BRIEF**

**IN SUPPORT OF ITS MOTION TO DISMISS** is double spaced in 14-

point Times New Roman font and complies with the type-volume limitation

set forth in Local Rule 7.1.

This 22nd day of December, 2023 by:

     */s/ Brian M. Dossena*
     J. GREGORY GODSEY
     Georgia State Bar No. 298577
     BRIAN M. DOSSENA
     Georgia State Bar No. 277119

10

## **CERTIFICATE OF SERVICE**

Pursuant to U.S.C.R. 36.16 (E), I HEREBY CERTIFY that on this day I have served a copy of the within and foregoing Brief in Support of Delta's Motion to Dismiss upon all parties to this matter by depositing same in the U.S. Mail, proper postage prepaid, addressed to counsel of records as follows and/or filing said document with CM/ECF system which will automatically send electronic notification to the following:

Steven A. I. Hart
Lauren Travis
HART AND ASSOCIATES, P.C.
3740 Davinci Court, Suite 300
Peachtree Corners, GA 30092
sh@hartlawyers.com
lt@hartlawyers.com

*Attorneys for Plaintiff*

This 22nd day of December, 2023.

/s/ *Brian M. Dossena*
J. GREGORY GODSEY
BRIAN M. DOSSENA

11